**Opinion filed September 2, 2010**



# In The

# Eleventh Court of Appeals

_____

## No. 11-09-00139-CR
_____

## HOUSTON E. HEDGES, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16829B**

## MEMORANDUM OPINION

The jury convicted Houston E. Hedges of arson. The trial court assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of ten years. Appellant challenges the legal and factual sufficiency of the evidence in a single issue. We affirm the conviction.

*Background Facts*

Appellant's conviction arises from a fire that occurred at his house on August 17, 2007. The fire occurred soon after appellant's wife filed for a divorce. She obtained temporary orders from the 326th District Court of Taylor County directing appellant to vacate the family residence located at 1201 Park Avenue by 5:00 p.m. on August 1, 2007. When appellant did not comply with the court's temporary orders on a timely basis, his wife's attorney called him on August 17,

2007, to tell him to vacate the premises. The wife's attorney described his conversation with appellant as follows:

> Well the gist of the conversation was that he had no place to go, that he needed much longer than that to get out, and, you know, like he was going to need a couple months to find a place, and I became a little brusk with him, I guess, and told him the Judge wasn't going to give it to him. The Judge ordered it to her and told him to get out. . . . I can't quote exactly what he said, but, here again, the thought that he conveyed to me was if he couldn't have it, he would just burn it down.

Appellant testified during the guilt/innocence phase that he may have possibly said something about blowing up the house after his wife's attorney threatened to have him physically removed from the house.

Appellant's sixteen-year-old neighbor testified that on the afternoon of August 17, 2007, he observed appellant on his porch and then observed appellant going between his vehicle and his front door. He also testified that he smelled smoke during the time that he observed appellant. The neighbor testified that he then witnessed appellant leave in his vehicle. Approximately five minutes later, the neighbor saw smoke coming from the roof of appellant's house. Another neighbor, Shanda Bogard, in a statement to police, estimated the time interval between when appellant left the house and when she saw smoke coming from the house at five minutes.[1]

Lieutenant Paul Slabaugh, a fire investigator with the Abilene Fire Department, testified that the fire department received a report of the fire at 5:29 p.m. on August 17, 2007. Although the fire was brought under control within thirty minutes, he classified it as a major fire because it was fairly large and presented the danger of losing the entire house. He identified the point of origin for the fire to be in a corner of the attached garage. Lieutenant Slabaugh was unable to determine the exact cause of the fire. However, he ruled out all possible accidental causes for the fire, including electrical causes. Accordingly, he classified the fire as intentional based upon his suspicion that someone set the fire.

In his trial testimony, appellant denied intentionally setting the fire. He testified that he decided to leave the house voluntarily after his phone conversation with his wife's attorney on the day of the fire. However, he did not deny calling his wife's answering machine at 4:09 p.m. and telling her that he would have to be physically removed from the house. Appellant testified

---

[1]At trial, Bogard changed her estimate of the interval between appellant leaving the house and the appearance of smoke coming from the house to fifteen to twenty minutes. It is significant to note that Bogard did not voluntarily comply with the State's subpoena for her to testify at trial as a witness for the State. Furthermore, her son and her boyfriend testified as witnesses at trial on behalf of appellant.

that he left the house to get some beer that afternoon when his neighbors saw him leave the house prior to the fire. He then visited a friend after going to the store. When questioned by police officers on the night of the fire, appellant told them he had earlier broken a bottle of stripper or hardwood finisher in the area where the fire started and that he may have accidently flipped a cigarette in that area while doing laundry prior to leaving for the store to get beer.

*Standard of Review*

Appellant contends that the evidence is legally and factually insufficient to support his conviction. In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Laster v. State*, 275 S.W.3d 512, 517-18 (Tex. Crim App. 2009); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Laster*, 275 S.W.3d at 519; *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

The appellate court reviews the factfinder's weighing of the evidence and cannot substitute its judgment for that of the factfinder. *Cain*, 958 S.W.2d at 407; *Clewis*, 922 S.W.2d at 133. Due deference must be given to the factfinder's determination, particularly concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d at 9; *Jones v. State*, 944 S.W.2d 642 (Tex. Crim. App. 1996). The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses' testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). This court has the authority to disagree with the factfinder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson*, 23 S.W.3d at 9. Circumstantial evidence of intent must be reviewed with the same scrutiny as any other element of the offense. *Laster*, 275 S.W.3d at 519-20. While the verdict is afforded less deference under a factual sufficiency review, the appellate court is not free to override the verdict simply because the appellate court

disagrees with it.  *Laster*, 275 S.W.3d at 520.

The circumstantial evidence in this case was significant.  Appellant's neighbors saw smoke coming from the fire within minutes after he left the home.  Based upon his investigation of the fire's origin, Lieutenant Slabaugh ruled out all accidental causes for the fire.  While he did not detect any accelerants or pour patterns in the area, he testified that some types of accelerants, like charcoal lighter fluid, do not leave fumes that can be detected after a fire.  Based upon his findings, he concluded that the fire was intentionally set.  We conclude that any rational trier of fact could have found the essential elements of arson committed by appellant beyond a reasonable doubt because of Lieutenant Slabaugh's determination of an intentionally set fire, appellant's statement on the morning of the fire that he would burn the house down if he could not have it, and his presence at the house immediately prior to the time witnesses saw the fire.

With regard to the factual sufficiency of the evidence, appellant directs our attention to his testimony that items of personal property that were valuable to him were located in the area where the fire began.  This testimony, along with his denial of intentionally starting the fire, were matters that were dependent upon the jury's determination of appellant's credibility.  The idea that appellant would not intentionally cause a fire because his personal property would be damaged is not so overwhelming as to negate the circumstantial evidence that he intentionally started the fire.  That is particularly so when one considers his statement on the day of the fire that he would burn the house down if he could not have it.  Accordingly, the evidence supporting appellant's conviction for arson is both legally and factually sufficient.  Appellant's sole issue is overruled.

### *This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL
JUSTICE

September 2, 2010

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

4